IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNTRUST MORTGAGE, INC.,

    Plaintiff,

v.                                                           Civil Action No. 3:11CV571

UNLIMITED FINANCIAL SERVICES, LLC,

    Defendant.

## MEMORANDUM OPINION

Before the Court is Plaintiff SunTrust Mortgage, Inc.'s ("SunTrust") Motion for Summary Judgment. (Docket No. 18.) Defendant Unlimited Financial Services, LLC ("Unlimited") has failed to file a response, and the time in which to do so has passed. Neither party requested a hearing, and the Court has determined that oral argument would not aid the decisional process. Accordingly, this matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1332 and 636(c). For the reasons that follow, the Court will DENY WITHOUT PREJUDICE SunTrust's Motion for Summary Judgment.

### I. SunTrust's Motion Does Not Comply with Federal or Local Rules

Pursuant to Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). A party seeking summary judgment must also identify in "a specifically captioned section . . . all material facts as to which the moving party contends there is no genuine issue" and must cite "the parts of the record relied on to support the listed facts." E.D. Va. Loc. Civ. R. 56(B); *see also* Fed. R. Civ. P. 56(c).

Here, SunTrust's motion does not identify the claims or parts of its claims on which it seeks summary judgment. Further, SunTrust's accompanying brief does not include a separate

section listing undisputed material facts with citations to the record. Unfortunately, the cursory presentation of the record prevents the Court from making sound findings based on clear evidence.

## II. Factual and Procedural Background

### A. Undisputed Facts[1]

On or about June 19, 2007, SunTrust and Unlimited entered into a Mortgage Broker Agreement with a Table Funding Addendum. The Mortgage Broker Agreement constituted a valid and enforceable contract binding the parties.

Pursuant to this contract, Unlimited agreed to originate, process, and broker mortgage loans to SunTrust, and SunTrust agreed to close and fund approved loans in its own name. Unlimited warranted that all loans would be originated, processed, and brokered in full compliance with the Agreement, that all of the information contained in its loan applications and packages would be complete and accurate, that no fraudulent or misleading information would be submitted to SunTrust, and that each loan would constitute an "acceptable investment." (Compl. Ex. 1 ("Mortgage Broker Agreement") ¶ 9.6.) The parties agreed that these warranties would survive any sale of a Mortgage Loan by SunTrust.

Upon the occurrence of certain specified "Events of Default," SunTrust could demand that Unlimited repurchase the loan in question, and Unlimited agreed to repurchase the loan in question within ten calendar days after a demand from SunTrust. (Mortgage Broker Agreement ¶ 12.) The specified "Events of Default" included the following: (1) an uncured breach of

---

[1] Because Unlimited has not opposed SunTrust's Motion for Summary Judgment, the Court would be entitled to treat SunTrust's list of undisputed facts as admitted. E.D. Va. Loc. Civ. R. 56(B); *see also* Fed. R. Civ. P. 56(e)(3).

2

warranty; (2) the discovery that the loan application or package contained incomplete, inaccurate, false, or misleading information in any material respect, "regardless of whether [Unlimited] had or should have had knowledge of the same at the time" (Mortgage Broker Agreement ¶ 12.3); and, (3) the failure to comply with other terms or conditions of the Agreement. The parties agreed that the repurchase price "shall be the unpaid principal balance of the Mortgage Loan," plus mortgage broker fees received by Unlimited from SunTrust in connection with the loan, all accrued interest through the date of repurchase, and reimbursement of SunTrust's fees and expenses associated with the repurchase. (Mortgage Broker Agreement ¶ 13.)

Unlimited also agreed to indemnify SunTrust against "any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses" arising from the breach of any representation, warranty, or obligation contained in the Agreement, or for any materially inaccurate, incomplete, false, or misleading information provided to SunTrust by or through Unlimited. (Mortgage Broker Agreement ¶ 15.)

Unlimited originated and processed the following loans pursuant to the Agreement and at issue in this case: (1) the Ramos-Banderas 1937 loan funded by SunTrust on September 7, 2007; (2) the Balcacer 3529 loan funded by SunTrust on September 17, 2007; and, (3) the Jimenez 6529 loans funded by SunTrust on November 13, 2007. Unlimited has not indemnified SunTrust for the losses it has incurred on these loans. (Pl.'s Requests for Admission Nos. 4, 6, 8.) (Docket No. 18-2.)[2] Unlimited admits it is indebted to SunTrust in the amount of $661,517.00. (Pl.'s Requests for Admission No. 19.)

---

[2] Unlimited failed to respond, timely or otherwise, to SunTrust's Requests for Admission, and the requests are therefore deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted

3

B.        **Procedural History**

On August 30, 2011, SunTrust filed a Complaint against Unlimited in this Court. SunTrust alleges that it sold the loans at issue in this case to Fannie Mae and assumed indemnification and repurchase obligations subject to certain conditions. SunTrust claims that later discovered defects in the original loan applications processed by Unlimited triggered SunTrust's duty to indemnify or repurchase these loans from Fannie Mae, resulting in damages of $661,517.00. Specifically, SunTrust alleges the following defects in the loan applications: (1) the Ramos-Banderas 1937 loan application "failed to include one or more mortgages in the borrower's name and failed to include documents supporting the borrower's residency status" (Compl. ¶ 21); (2) the Balcacer 3529 loan application failed to include one or more mortgages in the borrower's name, and the required mortgage insurance for the property had been rescinded; and, (3) the Jimenez 6529 loan application contained false or misleading statements concerning the value of the property securing the loan and contained excessive commissions and seller contributions.

SunTrust's Complaint asserts three counts against Unlimited. Count One asserts a breach of the Agreement's indemnification provision, alleging that Unlimited has failed to indemnify SunTrust against losses incurred as a result of Unlimited's breach of warranties. In Count Two, SunTrust alleges that Unlimited breached various express warranties included in the parties' Agreement, thereby creating an "Event of Default" requiring Unlimited to repurchase of the loans. (Compl. ¶ 50.) Finally, in Count Three, SunTrust seeks to compel specific performance of Unlimited's loan repurchase obligations included in the Agreement.

---

unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

4

SunTrust now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. SunTrust asserts an entitlement to summary judgment based on Unlimited's admission that it is indebted to SunTrust in the amount of $661,517.00. Unlimited failed to file a response to SunTrust's motion, and the time in which to do so has passed.

### III. Standard of Review

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but instead must set forth specific facts illustrating genuine issues for trial. *Celotex*, 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled to have 'the credibility of his evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (*quoting Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (*citing Celotex*, 477 U.S. at 323-24).

## IV. Analysis

Under Virginia law,[3] a plaintiff asserting a claim for breach of contract must prove the following elements: "'(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.'" *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 154 (Va. 2009) (*quoting Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)). SunTrust has satisfied the first element of its breach of contract claims because the parties agree that the Mortgage Broker Agreement constituted a valid and enforceable contract between the parties. However, SunTrust has failed to establish fully its breach of contract claims.

As for the second element that SunTrust must prove, no evidence currently before the Court shows that Unlimited breached the Mortgage Broker Agreement. While Unlimited admits it has not indemnified SunTrust for the losses incurred on the loans at issue, these admissions cannot demonstrate how Unlimited's duty to indemnify had been triggered under the Agreement and thus fail to show a breach of the Agreement. Pursuant to the Agreement, Unlimited had a duty to indemnify SunTrust only for losses incurred as a result of specified events, such as a breach of any representation, warranty, or obligation contained in the Agreement, or for any materially inaccurate, incomplete, false, or misleading information provided to SunTrust by or

---

[3] The Agreement contains the following choice of law provision:

> **Governing Law.** This Agreement is to be construed in accordance with and governed by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the internal laws of the Commonwealth of Virginia to the rights and duties of the parties.

(Mortgage Broker Agreement ¶ 21.)

6

through Unlimited. No admissible evidence before the Court demonstrates the occurrence of these events which would trigger Unlimited's duty to indemnify.[4]

Because SunTrust has failed to prove a breach of the Agreement's indemnification provision, a breach of the Agreement's express warranties, or an entitlement to specific performance, the Court DENIES WITHOUT PREJUDICE its Motion for Summary Judgment. In the interest of judicial economy, the Court will allow SunTrust to renew its motion for summary judgment and file new briefing addressing the above-identified deficiencies. Any renewed motion for summary judgment must be filed within eleven (11) days of the date of entry hereof. Deadlines for any responsive briefings shall be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Any new briefing shall supplant any current motions before the Court.

Considering the time allotted for re-briefing and the scheduled February 27, 2012 Final Pretrial Conference and March 19, 2012 Bench Trial, the Final Pretrial Conference and the Bench Trial shall be CONTINUED generally.

---

[4] While SunTrust's Complaint includes various allegations as to how Unlimited breached the Mortgage Broker Agreement, Unlimited's Answer denies these allegations. These allegations, unsupported by admissible evidence, cannot serve as a basis for summary judgment. *See* Fed. R. Civ. P. 56(c).
    Similarly, SunTrust has also failed to demonstrate the third element, damages caused by Unlimited's breach. While Unlimited admits it is indebted to SunTrust in the amount of $661,517.00, no evidence clarifies the reason for this debt or shows that SunTrust incurred that amount of damage because of Unlimited's breach of the Agreement. *See Wright*, 671 S.E.2d at 136 ("Proof of damages is an essential element of a breach of contract claim . . . . The plaintiff . . . has the 'burden of proving with reasonable certainty the amount of damages *and the cause from which they resulted*; speculation and conjecture cannot form the basis of the recovery.'" (*quoting Shepherd v. Davis*, 574 S.E.2d 514, 524 (Va. 2003)) (emphasis added)).

7

## V. Conclusion

For the foregoing reasons, the Court will DENY WITHOUT PREJUDICE SunTrust's Motion for Summary Judgment. (Docket No. 18.) Further, the Court will ORDER the following:

1. Any renewed motion for summary judgment shall be filed within eleven (11) days of the date of entry hereof. Deadlines for any responsive briefings shall be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Any new briefing shall supplant any current motions before the Court.

2. The Final Pretrial Conference and the Bench Trial scheduled in this matter will be CONTINUED generally.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: February 24, 2012