IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNTRUST MORTGAGE, INC.,

    Plaintiff,

v.                                                        Civil Action No. 3:11CV571

UNLIMITED FINANCIAL SERVICES, LLC,

    Defendant.

## MEMORANDUM OPINION

Before the Court is Plaintiff SunTrust Mortgage, Inc.'s ("SunTrust") First Amended Motion for Summary Judgment. (Docket No. 23.) Defendant Unlimited Financial Services, LLC ("Unlimited") has failed to file a substantive response, and the time in which to do so has passed. Neither party requested a hearing, and the Court has determined that oral argument would not aid the decisional process. Accordingly, this matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1332 and 636(c). For the reasons that follow, the Court will GRANT SunTrust's First Amended Motion for Summary Judgment.

### I. Factual and Procedural Background

The Court first stresses that the factual findings below in this breach of contract case relate only to the case at hand based on the limited record presented. This case stands at an odd procedural posture. Unlimited has not responded to SunTrust's discovery requests and has failed to oppose SunTrust's summary judgment motion. Through counsel, Unlimited has stated that, while it "does not agree with the allegations contained in the Complaint," Unlimited lacks "the resources to defend this suit." (Def.'s Statement Regarding Am. Mot. Summ. J. 1.) Unlimited notes that it no longer engages in the mortgage brokerage business, and that it has surrendered its license to do so.

Because Unlimited has not opposed SunTrust's summary judgment motion, the Court treats SunTrust's list of undisputed facts as admitted. E.D. Va. Loc. Civ. R. 56(B); *see also* Fed. R. Civ. P. 56(e)(3). Further, Unlimited has asserted no argument based on any ambiguity in the contract at issue, the consideration of any parol evidence, or the need to address other documents referenced in the contract but not currently part of the record.

### A. Undisputed Facts

The Court confines its factual findings regarding the parties' relationship with each other, the existence of a valid and enforceable contract, and the duties owed to one another under that contract to the unique facts and procedural circumstances of the case at bar. The undisputed facts in this record follow.

On or about June 19, 2007, SunTrust and Unlimited entered into a Mortgage Broker Agreement with a Table Funding Addendum. The Mortgage Broker Agreement constituted a valid and enforceable contract binding the parties.

Pursuant to this contract, Unlimited agreed to originate, process, and broker mortgage loans to SunTrust, and SunTrust agreed to close and fund approved loans in its own name. Unlimited bore the responsibility for originating and processing the loan applications, which included information about a potential borrower's credit, income, and debt, as well as an appraisal for the secured property. Unlimited warranted that all loans would be originated, processed, and brokered in full compliance with the Agreement, that all of the information contained in the loan applications and packages would be complete and accurate, that no fraudulent or misleading information would be submitted to SunTrust, and that each loan would

constitute an "acceptable investment."[1] (Mortgage Broker Agreement ¶ 9.6.) The parties agreed that these warranties would survive any sale of a Mortgage Loan by SunTrust.

Upon the occurrence of certain specified "Events of Default," SunTrust could demand that Unlimited repurchase the loan in question, and Unlimited agreed to repurchase the loan in question within ten calendar days after a demand from SunTrust. (Mortgage Broker Agreement ¶ 12.) The specified "Events of Default" included the following: (1) an uncured breach of warranty; (2) the discovery that the loan application or package contained incomplete, inaccurate, false, or misleading information in any material respect, "regardless of whether [Unlimited] had or should have had knowledge of the same at the time" (Mortgage Broker Agreement ¶ 12.3); and, (3) the failure to comply with other terms or conditions of the Agreement. The parties agreed that the repurchase price "shall be the unpaid principal balance of the Mortgage Loan," plus mortgage broker fees received by Unlimited from SunTrust in connection with the loan, all accrued interest through the date of repurchase, and reimbursement of SunTrust's fees and expenses associated with the repurchase. (Mortgage Broker Agreement ¶ 13.)

Unlimited also agreed to indemnify SunTrust against "any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees

---

[1] In representing that the loan constituted an acceptable investment, Unlimited warranted:

> There are no circumstances or conditions with respect to the Mortgage Loan, the Secured Property, the Borrower, or the Borrower's credit standing that can reasonably be expected to: (a) cause private institutional investors to regard the Mortgage Loan as an unacceptable investment; or (b) cause the Mortgage Loan to become Delinquent; or (c) adversely affect the Mortgage Loan's value or marketability.

(Compl. Ex. 1 ("Mortgage Broker Agreement") ¶ 9.6.)

and expenses" arising from the breach of any representation, warranty, or obligation contained in the Agreement, or for any materially inaccurate, incomplete, false, or misleading information provided to SunTrust by or through Unlimited. (Mortgage Broker Agreement ¶ 15.) This duty to indemnify survives "any purchase, sale or transfer of any Mortgage Loan or any interest therein by [SunTrust]." (Mortgage Broker Agreement ¶ 15.)

Pursuant to the Agreement, Unlimited originated and processed the following loans at issue in this case. In September 2007, SunTrust funded the Ramos-Banderas 1937 loan and the Balcacer 3529 loan, both originated and processed by Unlimited. SunTrust sold these loans to Fannie Mae, and Fannie Mae subsequently demanded that SunTrust repurchase the loans after determining that the original loan applications failed to disclose the existence of prior mortgages in the borrowers' names. After performing its own review, SunTrust verified that the loan applications failed to disclose the existence of prior mortgage loans and thus failed to accurately state the borrowers' financial conditions. "A mortgage loan application which fails to accurately state the borrower's financial condition prevents the underwriter from accurately determining the borrower's qualifications for the loan." (Kadas Aff. ¶ 9.) (Docket No. 23-2.) Due to these deficiencies in the loan applications, SunTrust repurchased the Ramos-Banderas 1937 loan from Fannie Mae resulting in a loss of $119,721.58 and repurchased the Balcacer 3529 loan from Fannie Mae resulting in a loss of $284,893.23.

In November 2007, SunTrust funded the Jimenez 6529 loans which Unlimited originated and processed. SunTrust sold the first position Jimenez 6529 loan to Fannie Mae, and Fannie Mae subsequently demanded that SunTrust repurchase the loan after determining that the loan application included an inaccurate appraisal for the secured property. SunTrust verified that the loan application's appraisal misrepresented the gross living area and the view associated with the

property and "failed to use comparable sales which were locationally and physically most similar to the subject property." (Kadas Aff. ¶¶ 13, 14.) The inaccurate appraisal resulted in the loan being under-secured. Due to the loan application's inaccurate appraisal, SunTrust had to repurchase the Jimenez 6529 loan from Fannie Mae for $225,403.19 and lost $31,500.00 on the second position Jimenez 6529 loan, resulting in a total loss of $256,903.19.

Unlimited has not indemnified SunTrust for the losses it has incurred on these loans. (Pl.'s Requests for Admission Nos. 4, 6, 8.) (Docket No. 18-2.)[2] Unlimited admits it is indebted to SunTrust in the amount of $661,517.00. (Pl.'s Requests for Admission No. 19.)

### B. Procedural History

On August 30, 2011, SunTrust filed a Complaint against Unlimited in this Court. SunTrust's Complaint asserts three counts against Unlimited. Count One asserts a breach of the Agreement's indemnification provision, alleging that Unlimited has failed to indemnify SunTrust against losses incurred as a result of Unlimited's breach of the Agreement. In Count Two, SunTrust alleges that Unlimited breached various express warranties included in the parties' Agreement, thereby creating an "Event of Default" requiring Unlimited to repurchase the loans. (Compl. ¶ 50.) Finally, in Count Three, SunTrust seeks to compel specific performance of Unlimited's loan repurchase obligations included in the Agreement.

SunTrust now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking judgment in its favor against Unlimited in the amount of $661,517.00, with interest

---

[2] Unlimited failed to respond, timely or otherwise, to SunTrust's Requests for Admission, and the requests are therefore deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

from the date of judgment. It appears from the briefing that SunTrust seeks summary judgment solely on Count One of its Complaint. Unlimited failed to file a response to SunTrust's motion, and the time in which to do so has passed. On April 6, 2012, the Court ordered Unlimited to file a statement as to why it had neglected to file a response to SunTrust's summary judgment motion and warned Unlimited that it risked entry of judgment against it. In response, Unlimited filed a statement indicating that it did not intend to oppose the summary judgment motion because it did not have the resources to defend the suit.

## II. Standard of Review

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but instead must set forth specific facts illustrating genuine issues for trial. *Celotex*, 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled to have 'the credibility of his evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (*quoting Charbonnages de France v.*

*Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (*citing Celotex*, 477 U.S. at 323-24).

### III. Analysis

Under Virginia law,[3] a plaintiff asserting a claim for breach of contract must prove the following elements: "'(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.'" *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 154 (Va. 2009) (*quoting Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)). SunTrust has satisfied the first element of its breach of contract claim because no opposition exists to the claim that the Mortgage Broker Agreement constituted a valid and enforceable contract between the parties.

The undisputed evidence this Court must consider also shows that Unlimited has breached provisions of the Mortgage Broker Agreement. Specifically, the loan applications originated and processed by Unlimited for the Ramos-Banderas 1937 loan and the Balcacer 3529 loan contained incomplete information by failing to disclose the existence of prior mortgage loans in the borrowers' names. Similarly, the loan application originated and processed by Unlimited for the Jimenez 6529 loans contained inaccurate information regarding the appraisal

---

[3] The Agreement contains the following choice of law provision:

> **Governing Law.** This Agreement is to be construed in accordance with and governed by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the internal laws of the Commonwealth of Virginia to the rights and duties of the parties.

(Mortgage Broker Agreement ¶ 21.)

7

of the subject property. Based on the limited record before the Court, these deficiencies in the loan applications constitute breaches of the warranties undertaken by Unlimited in the Agreement. (Mortgage Broker Agreement ¶ 9.5 (warranting that "[a]ll information contained in each Application, Loan Application Package and other documentation submitted to [SunTrust] in connection with the Mortgage Loan, including all signatures thereon, is genuine, complete and accurate"), ¶ 9.6 (warranting that the loan constitutes an acceptable investment).) Pursuant to the Agreement, these breaches of warranties and the fact that these loan applications contained materially inaccurate or incomplete information in turn triggered Unlimited's duty to indemnify SunTrust.

Finally, SunTrust has presented undisputed evidence reflecting damages to SunTrust in the amount of $661,517.00 caused by Unlimited's breaches of the Agreement. As a result of the deficiencies in the loan applications, SunTrust's obligations to repurchase the loans at issue from Fannie Mae, and Unlimited's failure to indemnify as required by the Agreement, SunTrust suffered a total loss of $661,517.00.

## IV. Conclusion

Considering the undisputed evidence before the Court, SunTrust has proven the necessary elements for its breach of contract for indemnification claim against Unlimited and damages in the amount of $661,517.00. For the foregoing reasons, the Court will GRANT SunTrust's First Amended Motion for Summary Judgment (Docket No. 23) and will ENTER JUDGMENT against Unlimited and in favor of SunTrust on Count One in the amount of $661,517.00 with

interest from the date of judgment. Further, the Court will DISMISS Counts Two and Three of the Complaint.[4]

An appropriate Order shall issue.

                                                              /s/
                                            M. Hannah Lauck
                                    United States Magistrate Judge

Richmond, Virginia
Date: 4-24-12

---

[4] Counts Two and Three allege the same losses and essentially seek the same relief as Count One. Because SunTrust has twice failed to show an entitlement to summary judgment based on Counts Two and Three and because the Court has awarded judgment in favor of SunTrust in the full amount sought, the Court will dismiss Counts Two and Three.

9